ALFRED H. MEYER, MARGUERITE N. MEYER, ET AL., Respondents, v. FIRST NATIONAL BANK OF CASSELTON, NORTH DAKOTA, a corporation, Appellant.

(188 N. W. 580.)

**Parties —where party agrees judgment may go against him if third parties are determined to have no interest in certain property, the third parties necessary to the action.**

1. Action brought to compel the specific performance of a contract for the loan of money to finance the plaintiffs in cropping certain lands which had been mortgaged by them and the mortgages were being foreclosed. A crop mortgage had been given to secure such prospective loan before the planting of the crop, and the loan contract provided that the defendants should advance the money if the real estate mortgages were not foreclosed. The defendant stipulated, however, that judgment might be entered against it in the event the court should determine that the purchaser at the foreclosure sales would not be entitled to any of the crop raised during the year for redemption. The real estate mortgages are not in evidence and neither the mortgagee nor the holder of the sheriff's certificate are made parties defendant. It is *held*:

Where, by stipulation, a party has agreed that judgment may go against him or it in the event certain third parties are determined to have no interest in property which will stand as security for the act the defendant would be required by the judgment to perform, the presence of such third party or parties is necessary to the determination of their interest, if any, and it cannot be decided in their absence.

**Specific performance — under the facts held judgment not supported in absence of evidence negativing outstanding interest in crop.**

2. As the proof in the instant case does not negative an outstanding interest in the crop, the judgment is not supported by the evidence.

**Specific performance — in tenant's action for specific performance of an agreement to finance cropping of lands, held that mortgagee and certificate were necessary parties.**

3. In a tenant's action for specific performance of an agreement to finance plaintiff's tenants cropping of certain lands involving possible

loss of crops by foreclosure of land mortgage, where proof does not negative an outstanding interest in the crop,*held*, that mortgagee and certificate holders are necessary parties, in view of Comp. Laws 1913, § 7406.

Appeal from a judgment of the District court of Cass county, *Cole*, J.

Reversed and dismissed.

*S. L. Nuchols,* for appellant.

*Wm. Langer,* for respondents.

BIRDZELL, C. J.   This is an appeal from a judgment decreeing the plaintiff to be the owners of certain real property described in the complaint, and as such entitled to crops grown thereon during the period of redemption from foreclosure sales; also decreeing that the defendant shall pay to the plaintiffs the sum of $3,000, which the defendant had agreed to loan to the plaintiffs to enable them to crop the land during the year 1922. The facts are stipulated, and may be stated in substance as follows: March 1, 1919, Henry N. and Agnes G. Meyer purchased a large tract of land from John S. Dalrymple. To secure payment of part of the purchase price they executed and delivered real estate mortgages upon the property securing approximately $150,000. In 1921, the grantees and mortgagors transferred the property to the plaintiffs subject to the mortgages. In September, 1920, the plaintiffs in this action, with the exception of Clyde Smuch, delivered to the defendant five promissory notes, each in the sum of $5,000, drawing interest at 8 per cent. The interest was paid September 1, 1921, and the notes renewed. To secure the payment of the renewal notes, the plaintiffs executed and delivered to the defendant a chattel mortgage upon all the crops to be grown in 1922 upon certain described parts of the real property. As a part of the consideration for the chattel mortgage upon the crops, in addition to the renewal of the notes aggregating $25,000, it was agreed that the defendant should furnish the plaintiffs $3,000 in cash to be used in the payment of labor and other expenses in connection with the farming of the land for the season of 1922, with the understanding, however, that the real estate mortgages upon the property would not be foreclosed until after the harvesting of the 1922 crop. The mortgagee, Dalrymple, commenced foreclosure by advertisement in January, 1922, pursuant to which the property would regularly have been sold (and presumably was sold) on March

6th. The plaintiffs notified the defendant that they would be unable to redeem from this foreclosure, unless they could realize a sufficient sum from the crop raised in 1922.

In addition to the stipulation of facts, the parties have agreed as follows:

"That if the court determines that the purchaser at the foreclosure sales pursuant to said foreclosure of said real estate mortgages, or his assigns, will be entitled to any crop raised upon the real estate described in the complaint herein, during the year 1922, in the event the said real property is not redeemed from said foreclosure sales, then the court shall decide this action in favor of the defendant. But if the court decides that the plaintiffs, as owners of the equity of redemption in said real property, are entitled under the law to the crop grown upon said real property in the year 1922, in the event no redemption from said foreclosure sales is made, then the court shall decide this action in favor of the plaintiffs and require the defendant to pay over to the plaintiffs the sum of $3,000.00, either in a lump sum or in installments, from time to time, in such sums as is necessary to pay the expenses of platting the said land to crop."

The trial court found the facts to be as stipulated and upon these findings made conclusions of law to the effect that—

The mortgage of the defendant upon the crops for the year 1922 constitutes "a prior and superior lien and right to the crop to be raised on said premises in the year 1922, to any other claim or right particularly under the mortgage sale to be made on March 6th under foreclosure proceedings, and saving and excepting that seed liens, liens for labor and the for threshing would be superior liens saving and excepting the fact that the $3,000.00 for which the chattel mortgage was given by plaintiffs to defendant on the first day of September, 1921, was given for the express purpose of providing money to be advanced from time to time by said defendant to the plaintiffs to pay for seed, for labor, for threshing and other necessary expenses for raising the crop on said last-described premises in the year 1922.

"(2) That defendant is and will be fully protected in said chattel mortgage as against any purchaser at the foreclosure sale on March 6, 1922, of the premises herein mentioned, or the sale of the same at any adjourned date hereafter, during the redemption year following the sale under statutory provisions."

Pursuant to these findings and conclusions there was a judgment decreeing the plaintiffs to be the owners in fee of the real property described and as such—

"entitled to the crop grown on the said real property for the year 1922, in the event that no redemption from foreclosure sale is made; that the defendant pay over to the plaintiff the sum of $3,000 in installments from time to time in such sums as to pay for putting said land to crop and to pay for labor, threshing, and other necessary expenses for raising the crop on the land described in the complaint."

The specifications of error are that the conclusions of law are not supported by the findings of fact; that the findings of fact are contrary to the conclusions of law; and that there is no evidence to support the judgment.

The trial court, in a memorandum opinion after discussing certain legal propositions, stated:

"The court cannot decree specific performance in this case. The matter is largely a friendly issue between the parties so that a speedy determination may be had from our highest court that the litigants herein may act advisedly. The defendant itself, I understand, is willing to advance the money for the purpose specified, provided it is secure in so doing."

Presumably, the court acted upon its understanding of the willingness of the defendant to advance the money when it entered the judgment requiring it to do so, for it was stated that specific performance could not be decreed, and it was so decreed. The only possible basis in the record for assuming a willingness on the part of the defendant to advance the money appears in that portion of the stipulation, hereinbefore quoted, which shows that the condition upon which the defendant had agreed to advance the money had been broken, namely, the nonforeclosure of the mortgages, and that it was still willing to advance the money, provided the court held that the purchaser at the foreclosure sales to be later made would not be entitled to any crop raised on the real estate described in the complaint during the year 1922. What the interest or right of the purchaser at the sheriff's sale may be is dependent upon the relations that may exist between the party in possession of the mortgaged property and such purchaser. These rights and interests, both in the land and in the crops, are dependent upon the status of the party in possession, whether as an owner of the equity of redemption, a tenant, or a cropper, or, perhaps, upon express provisions in the mortgages foreclosed.

The stipulated facts do not negative the existence of an interest of such third parties in this crop.

The mortgagee, Dalrymple, is not a party to these proceedings, and at the time the judgment below was rendered it could not be known who would purchase the land at foreclosure sales, nor is any certificate holder a party to the action or judgment. Neither are the mortgages in evidence. Manifestly, in the absence of the party or parties in whose favor such interest, if any, may exist, the court cannot possibly determine, with any degree of finality, the question submitted by the stipulation and upon which the parties have consented that the judgment should be contingent.

The condition upon which the defendant signified its unwillingness to complete the loan to the plaintiffs was that the certificate holder would be entitled to any crop raised on the premises. It is impossible on this record to determine whether or not he might have any such right. Consequently it is clear, in our opinion, that the evidence does not support the conclusions of law and the judgment to the effect that the chattel mortgage is necessarily superior to such interest or right. To determine such right, not only must the actual status be shown, but the mortgagee and the certificate holder are necessary parties to the action. Section 7406, C. L. 1913; 1 Pomeroy's Equity Jurisprudence (4th ed.) § 114; Pomeroy's Code Remedies (3d ed.) § 249.

For the foregoing reasons the judgment must be reversed, and the action dismissed.

ROBINSON, CHRISTIANSON and BRONSON, JJ., concur.

GRACE, J. (specially concurring). It is my view of this appeal that it presents no legal questions for decision. I therefore concur in the reversal of the judgment and the dismissal of the action.